UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RANESHA WHITTLE,                                                                                    Plaintiff,

v.                                                                               Civil Action No. 3:15-cv-813-DJH

TERRI WATKINS et al.,                                                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Ranesha Whittle's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff filed her complaint on a general complaint form with numerous attachments.  As the grounds for filing this case in federal court, Plaintiff states:  "False document on termination of parental rights action deceitful lies from CPS [Child Protective Services] worker Terri Watkins perjury at it's best and the judge ruling of the evidence without reason/claim of proper evidence."  The complaint also refers to "violation of my constitutional rights."  She names as Defendants CPS case worker Terri Watkins; Casey Kimball, her attorney during the parental-rights termination; Erin Kelly; Ellen Friedman; Mary Tansey, with the Cabinet for Health and Family Services; Amy Gardner;[1] and Jefferson Circuit Court Family Division Judge Dolly Wisman Berry.[2]  It is clear from the complaint and the attachments thereto that Plaintiff is

---

[1] It is not clear from the complaint who Defendants Kelly, Friedman, and Gardner are.

[2] Although the complaint identifies this Defendant as "Judge Dolly Wiseman Berry," the Court notes that the correct spelling is "Wisman."

protesting the termination of her parental rights by the state court. The complaint states, in pertinent part: "Yes, I'm appealing the termination order and vacating the courts for fair trial."

As relief, Plaintiff states that she wants "to bring Terri Watkins and her supervisor up on charges for falsifying document suspending my visits for three wks without reason or claim;" for "Judge Berry to recuse her off my case as she allowed the [fabrication]"; and "Casey Kimball leading me on and not presenting documents she claim she had as my lawyer. I want the Ky Bar Association to [illegible] her."

## II.

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with the duty of assessing its jurisdiction and must *sua sponte* dismiss cases in which subject-matter jurisdiction is lacking. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487 (6th Cir. 2001). "Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiff offers no jurisdictional basis for bringing her complaint in this Court.

In canvassing its own jurisdiction, the Court first advises that it cannot bring any Defendant "up on charges." The Court does not have the power to direct that criminal charges

be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Additionally, this Court has no power over the Kentucky Bar Association with respect to Defendant Casey Kimball, who apparently represented Plaintiff in the state family court matter. "The Kentucky Bar Association . . . is a private actor which does not derive its authority from the state, and it is therefore not subject to a [42 U.S.C. § 1983 civil rights] claim." *Jordan v. Kentucky*, No. CIV. A. 309CV-424-M, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009); *cf. Gerena v. Puerto Rico Legal Serv., Inc.*, 697 F.2d 447, 451-52 (1st Cir. 1982) (holding Puerto Rico Legal Services, a private non-profit corporation who receives funds from Puerto Rico, was not a public actor).

Finally, this Court lacks subject-matter jurisdiction over Plaintiff's claims related to the state-court proceeding. A federal district court has no authority to review final judgments of state-court judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Even constitutional claims which are inextricably intertwined with the state-court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000).

Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state-court proceedings because such an action would be an attempted appeal from a state-court decision. *See Bodell v. McDonald*, 4 F. App'x 276, 279 (6th Cir. 2001); *accord Evans v. Yarbrough*, No. 00-3588, 2000 WL 1871706, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation); *Collins v Acree*, No. 12-CV-357-KSF, 2013 WL 1993281,

at *3 (E.D. Ky. May, 13, 2013) ("Under the *Rooker-Feldman* doctrine, Collins cannot 'side-step' binding legal determinations made in his state court domestic relations proceedings by filing a § 1983 action in federal court.").

Because the *Rooker-Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case must be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Evans*, 2000 WL 1871706, at *2 ("[F]ederal courts lack jurisdiction to review a case litigated and decided in state court[.]").

### III.

For the foregoing reasons, the Court, by separate Order, will dismiss the instant action.

Date: March 30, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.009